[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about September 18, 2000, plaintiff Daniel W. Fiamengo filed suit against defendant Stephen J. Duffy, an attorney, alleging that Duffy committed malpractice by failing to file a suit on Fiamengo's behalf concerning an automobile accident on January 26, 1995 in which Fiamengo was injured. On November 14, 2000, the plaintiff filed a motion for a default against the defendant for failure to answer. The clerk granted this motion on November 20, 2000.
On November 24, 2000, the plaintiff filed a certificate of closed pleadings and a claim for a hearing in damages to the court. The defendant filed an answer on December 15, 2000, but has never filed a motion to set aside the default. The plaintiff appeared on three occasions for a hearing in damages. The defendant has failed to appear for these hearings. CT Page 4771
Practice Book § 17-32(b) provides that "[a] claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of the issuance of the default under this section." The plaintiffs claim, having been filed only four days after the granting of his request for a default, was thus filed too early. The same Practice Book section also provides that "[i]f a claim for a hearing in damages or a motion for a judgment has been filed the default may be set aside only by the judicial authority." Practice Book § 17-32
(b). Construing these two provisions together, it would appear that a defendant's remedy when, as here, a claim for a hearing in damages is filed too early is to move to set aside the default under Practice Book § 17-42. This section provides that "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose." Certainly the plaintiff's premature filing of a claim for a hearing in damages may constitute the "good cause" that would justify setting aside the default under this section. Because, in this case, the defendant failed to file a motion to set aside the default, the court will not relieve him of his default for failure to plead.
At the hearing in damages, the plaintiff claimed three items of economic damages plus pain and suffering and punitive damages. The first item consists of medical bills of $1,038.89 from Bristol Hospital for the period from January 26, 1995 to March 31, 1995. Because these bills arose in close proximity to the January 26, 1995 accident, the court awards the plaintiff damages in this amount. Although there is no evidence of the plaintiffs specific injuries, the court will give the plaintiff the benefit of the doubt and grant him a total of $5,000.00 in damages arising from this hospitalization so as to include an award of non-economic damages.
The second item consists of bills of $11,652.23 from Saint Mary's Hospital in Waterbury for the period of September 12 to September 17, 1998. There is no evidence of a causal connection between the January, 1995 accident and the September, 1998 hospitalization. Accordingly, the court declines to enter any additional damages based on this hospitalization.
Finally, the plaintiff claims lost wages of $25,000 per year for five years on the ground that the defendant committed malpractice in the plaintiffs criminal case, resulting in the plaintiffs lengthy incarceration. The plaintiffs complaint, however, alleges only that the defendant committed malpractice in failing to file a civil suit and does not allege malpractice in the plaintiffs criminal case. Accordingly, the court declines to award any lost wages. CT Page 4772
Judgment is entered for the plaintiff in the amount of $5,000.00.
It is so ordered.
Carl J. Schuman Judge, Superior Court